Dear Mayor Watkins:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You ask several questions regarding land use valuation for ad valorem tax purposes.
First, you ask what requirements must be met in order for land to be assessed at its use value. Under La.Const. art. VII, § 18(C), "[b]ona fide agricultural, horticultural, marsh, and timber lands, as defined by general law, shall be assessed for tax purposes at ten percent of use value rather than fair market value." Additionally, La.R.S. 47:2303
provides the following:
In order to be classified as bona fide agricultural, horticultural, marsh or timber land and assessed at its use value under the provisions of Article VII, Section 18(C) of the Louisiana Constitution of 1974, it must meet the definition of bona fide agricultural, horticultural, marsh or timber land as described in R.S. 47:2302 and, in the case of bona fide agricultural, horticultural, or timber land:
A. Be at least three acres in size, or have produced an average gross annual income of at least two thousand dollars in one or more of the designated classifications for the four preceding years, and
B. The landowner has signed an agreement that the land will be devoted to one or more of the designated uses as defined in R.S. 47:2302. *Page 2 
Thus, all of the requirements of La.R.S. 47:2303 must be met in order for land to qualify to be assessed at its use value.
Next, you ask whether land can be assessed at use value if it has a home built on it. Again, as long as the requirements of La.R.S. 47:2303
are met, the land is eligible for use value assessment. However, under La.Const. art. VII, § 18, improvements for residential purposes must be assessed at fair market value.
Thirdly, you ask whether it is permissible to assess land at use value if it is located in a zoning area in which use of the land for bona fide
agricultural, horticultural, marsh or timber land purposes is prohibited. Nevertheless, we could not find any legal authority that requires a land owner to comply with zoning laws in order for his land to be eligible for use value assessment.
Next, you ask what the assessor's duties are if he becomes aware, via means other than owner self-reporting, that certain land is ineligible for use valuation.
La.R.S. 47:2305 governs loss of eligibility for use value classification and provides, in pertinent part, the following:
A. If land having a use value assessment ceases to meet the eligibility requirements described in Section 3 of this Act, the owner shall be obligated to notify the assessor in the parish or district where the property is located within sixty days following the effective date of loss of eligibility. Upon notification of loss of eligibility the assessor shall reassess the property immediately, to become effective the following tax year.
B. (1) If land having a use value assessment is sold for a price four times greater than its use value, the land shall be presumed to be no longer eligible to be classified as bona fide agricultural, horticultural, marsh, or timber land. Upon application as provided in R.S. 47:2304, the purchaser shall be given the opportunity to demonstrate to the full satisfaction of the assessor:
(a) That the sales price paid includes things of value which are susceptible of appraisal including, but not by way of limitation, standing crops or timber, improvements, equipment, etc.; or
(b) That the land is actually in bona fide agricultural, horticultural, marsh, or timber land use and meets the requirements of R.S. 47:2302 and R.S. 47:2303. Such demonstration of bona fide operations may include the preparation and implementation of farm or forestry plans or programs within two years following the purchase. *Page 3 
(2) Upon such demonstration, the landowner shall be entitled to a use value classification.
Further, La.R.S. 47:2306(A) sets forth the following penalty for a landowner who fails to property report his ineligibility for use assessment:
In the event that the landowner obtains a use value assessment by means of false certifications on his application, or fails to timely notify the assessor of loss of eligibility for use value assessment as required by Section 5(A) of this Act, he shall be liable for a penalty equal to five times the difference between the tax under a market value assessment and the tax under a use value assessment for the tax years in which the use value assessment was attributable to the false certifications or failure to timely notify the assessor of loss of eligibility.
As you can see, under La.R.S. 47:2305, the landowner has the burden of reporting his ineligibility for use value assessment, except when land is sold and meets the requirements of the first sentence of La.R.S.47:2305(B)(1). Otherwise, under La.Const. art. VII, § 18(F), the assessor must reappraise and revalue the land at least every four years. At that point, if the land owner failed to notify the assessor within sixty days of loss of eligibility, he will be liable for mandatory penalties under La.R.S. 47:2306(A). Finally, you also ask whether a property owner can "condemn" his own property for ad valorem assessment purposes. We could not find any authority for that proposition. Generally, only parish or municipal governing authorities have the authority to condemn a building or structure.[1]
In conclusion, it is the opinion of this office that all of the requirements of La.R.S. 47:2303 must be met in order for land to qualify for use value assessment. If land contains improvements for residential purposes, the land — but not the improvements — can be eligible for use tax assessment. Further, an assessor may assess land at use value even if it is located in a zoning area in which use of the land for bona fide agricultural, horticultural, marsh or timber land purposes is prohibited. Also, the landowner has the burden of reporting his ineligibility for use value assessment, except when land is sold and meets the requirements of the first sentence of La.R.S. 47:2305(B)(1). Finally, generally only parish or municipal governing authorities have the authority to condemn a building or structure. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL
Attorney General
By: __________________________
BENJAMIN A. HUXEN II
Assistant Attorney General
JDC/BAH II
[1] See La.R.S. 33:4763, et seq.